91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynetta Gail CARTER, Defendant-Appellant.
 No. 94-6562.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1996.
 
 Before: NELSON and BATCHELDER, Circuit Judges, and McKEAGUE, District Judge.*
 PER CURIAM.
 
 
 1
 A federal jury found defendant Lynetta Gail Carter guilty on three counts of an indictment containing gambling and money laundering charges, among other things. Grouping the three counts together for sentencing purposes--and using the base offense level prescribed by the sentencing guidelines for money laundering, the most serious of three substantive offenses involved in the single conspiracy count of which Ms. Carter was convicted--the district court imposed a sentence of imprisonment for 37 months.
 
 
 2
 Ms. Carter argues on appeal that although the evidence against her was sufficient to support a conviction for conspiracy to conduct an illegal gambling business, the evidence was not sufficient to support a conviction for conspiracy to commit a money laundering offense. The sentencing guidelines assign a lower base offense level to the former crime, and Ms. Carter contends that the district court erred in gearing the sentence to the latter crime.
 
 
 3
 We find no error, and we shall affirm the judgment in all respects.
 
 
 4
 * Defendant Carter worked for a Memphis businessman named Danny Owens. Mr. Owens operated an illegal gambling business and several topless nightclubs and houses of prostitution.
 
 
 5
 According to Mr. Owens' testimony at trial, Ms. Carter was his "errand girl." Her responsibilities included emptying money from gambling machines and filling out gambling records; collecting rent money from the gambling and prostitution establishments; depositing illicit receipts in a bank; and paying cashiers at the houses of prostitution with checks drawn on the bank in which the proceeds of unlawful activities had been deposited. On at least one occasion, according to an Internal Revenue Service investigator who was keeping her under surveillance, Ms. Carter crossed a state line in the course of her work.
 
 
 6
 A federal grand jury handed up a multi-defendant indictment three counts of which named Ms. Carter. Count 1 charged her with conspiracy (a) to conduct an illegal gambling business in violation of 18 U.S.C. § 1955; (b) to travel and use interstate commerce facilities in aid of racketeering in violation of 18 U.S.C. § 1952; and (c) to conduct financial transactions with the proceeds of illegal prostitution and gambling businesses in violation of the federal money laundering statute, 18 U.S.C. § 1956(a)(1). Count 4 of the indictment charged Ms. Carter with a substantive gambling offense, and Count 5 charged her with an interstate travel offense.
 
 
 7
 At trial, following denial of a motion for acquittal, the jury found Ms. Carter guilty on all three counts. The district judge grouped the three counts together for sentencing purposes, as required by U.S.S.G. § 3D1.2(b). Because conspiracy to conduct money laundering activities carried the highest base offense level under the sentencing guidelines, Ms. Carter received a sentence pegged to that violation in accordance with U.S.S.G. § 3D1.3(a).
 
 
 8
 Ms. Carter contends on appeal that the evidence was not sufficient to show that she was involved in a money laundering conspiracy. Accordingly, she argues, a lower base offense level ought to have been used in calculating her guideline sentence range.
 
 II
 
 9
 It is settled law that a conspiracy may be formed by tacit agreement. United States v. Gresser, 935 F.2d 96, 101 (6th Cir.), cert. denied, 502 U.S. 885 (1991). The importance of a defendant's connection to a conspiracy need not be great. This court has determined that only a "slight connection" need be established. United States v. Betancourt, 838 F.2d 168, 174 (6th Cir.), cert. denied, 486 U.S. 1013 (1988) (citing United States v. Marsh, 747 F.2d 7, 13 (1st Cir.1984)).
 
 
 10
 Based on the evidence presented here, the jury was amply justified in concluding that Ms. Carter conspired to violate the money laundering statute. Ms. Carter knew that the rent she agreed to collect for Mr. Owens represented the proceeds of illegal gambling and prostitution activities. She knew and intended that her disposition of the funds would promote the carrying on of these activities. And she knew and intended that the payments to cashiers at the houses of prostitution--payments she made with the proceeds of the specified unlawful activity--would promote the carrying on of that activity. See 18 U.S.C. § 1956(a)(1)(A)(i), which makes it a crime to conduct a financial transaction with property that represents the proceeds of specified unlawful activity, knowing that the property represents such proceeds and intending to promote the carrying on of the unlawful activity.
 
 
 11
 The jury's verdict on Count 1 was a general verdict that did not explicitly state which substantive offense or offenses Ms. Carter conspired to commit. Ms. Carter argues that we are not entitled to assume that the jury found her guilty of conspiracy to do anything more than conduct an illegal gambling business. The case law does not support this argument.
 
 
 12
 Where a multiple-object conspiracy charge uses the conjunctive in listing the substantive offenses that were the objects of the conspiracy, it is normally held that a general verdict of "guilty" relates to all of the substantive offenses listed. See United States v. Banks, 78 F.3d 1190, 1201-04 (7th Cir.1996) (collecting cases). Count 1 of Ms. Carter's indictment was phrased in the conjunctive. Under the case law of which Banks is representative, Ms. Carter must be treated as having been found guilty of conspiracy to commit all of the substantive offenses listed in Count 1--including money laundering.
 
 
 13
 This being so, there was no error in the district court's calculation of Ms. Carter's guideline sentence range. When applying the sentencing guidelines to a conspiracy conviction, a court must determine the base offense level by looking to the substantive offense that is the object of the conspiracy. See U.S.S.G. § 2X1.1(a). If there are multiple counts that involve substantially the same harm, U.S.S.G. § 3D1.2 requires that the counts be grouped together. The court must then use the highest offense level of the counts in the group. U.S.S.G. § 3D1.3(a). That is precisely what the district court did here.
 
 III
 
 14
 Ms. Carter contends, in the alternative, that the indictment did not adequately pinpoint the precise part of the money laundering statute involved. She should therefore have received a base offense level of 20 pursuant to U.S.S.G. § 2S1.1(a)(2), she argues, rather than a base offense level of 23 pursuant to U.S.S.G. § 2S1.1(a)(1). Subsection (a)(1) prescribes a base offense level of 23 if the defendant was "convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A)." Otherwise, subsection (a)(2) provides, the base offense level for laundering of monetary instruments is 20.
 
 
 15
 Although the money laundering portion of Count 1 cited 18 U.S.C. § 1956(a)(1) without specifying any particular part of this subsection, the language of the indictment tracks that of 18 U.S.C. § 1956(a)(1)(A)(i). The presentence investigation report is consistent with this reading, and it was entirely appropriate for the district court to use a base offense level of 23.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation